SECOND DEPARTMENT, AUGUST, 2017

(August 2, 2017)

■ 21ST MORTGAGE CORPORATION, as Mortgage Loan Servicer for WILMINGTON SAVINGS FUND SOCIETY, FSB, a Federal Savings Bank, Doing Business as CHRISTIANA TRUST, a Division of WILMINGTON SAVINGS FUND SOCIETY, FSB, Solely in its Capacity as Trustee for and on Behalf of the KNOXVILLE 2012 TRUST, Appellant, v LEANDRO ADAMES et al., Defendants, and VISTA HOLDINGS, INC., Respondent. [60 NYS3d 198]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ash, J.), dated August 19, 2015, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendant Vista Holdings, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 11, 2006, Leandro Adames executed a note and mortgage on real property in favor of Argent Mortgage Company, LLC (hereinafter Argent). The subject property was

thereafter acquired by Vista Holdings, Inc. (hereinafter Vista). "Effective as of" February 5, 2007, Argent assigned the note and mortgage to Residential Funding Company, LLC (hereinafter RFC). On February 13, 2007, Argent commenced an action to foreclosure the mortgage, alleging that Adames had defaulted by failing to make payments on the note. That action was thereafter dismissed for lack of standing.

By corrective assignment dated May 1, 2014, RFC assigned the note and mortgage to Wilmington Savings Fund Society, FSB, a federal savings bank doing business as Christiana Trust, a division of Wilmington Savings Fund Society, FSB, solely in its capacity as trustee for and on behalf of the Knoxville 2012 Trust (hereinafter Wilmington). Subsequently, the plaintiff, purportedly as mortgage loan servicer for Wilmington, commenced this action to foreclose the mortgage. Vista answered the complaint, raising, inter alia, the statute of limitations, lack of standing, and lack of capacity to sue as affirmative defenses. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Vista. The Supreme Court, inter alia, denied that branch of the plaintiff's motion.

To the extent that the Supreme Court denied that branch of the plaintiff's motion based upon a conclusion that there were issues of fact as to whether the action was time-barred, that was error. "As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action" (*Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2012]; *see* CPLR 213 [4]). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt' " (*Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 982, quoting *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]).

Here, a notice of default dated December 13, 2006, sent to Adames prior to the commencement of the 2007 action, was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause (*see Goldman Sachs Mtge. Co. v Mares*, 135 AD3d 1121, 1122-1123 [2016]; *see generally Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 982-983). Further, the commencement of the 2007 action was ineffective to constitute a valid exercise of the option to accelerate the debt since the plaintiff in that action did not have the authority to accelerate the debt or to sue to foreclose at that time (*see*

*Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 983; *EMC Mtge. Corp. v Suarez*, 49 AD3d 592 [2008]).

However, the plaintiff failed to demonstrate, prima facie, that it had standing to commence this action. Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (*see Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 899 [2016]; *LaSalle Bank, N.A. v Zaks*, 138 AD3d 788 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]). In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *One W. Bank, FSB v Albanese*, 139 AD3d 831, 832 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651). A plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment or physical delivery of the note (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651).

Here, in support of its motion, the plaintiff relied on the affidavit of Jessica Lancaster, its "Legal Coordinator." Lancaster averred that the subject "loan" was part of a portfolio of assets purchased by Berkshire Hathaway, Inc., and deposited into Wilmington. Lancaster further averred that on February 1, 2013, "the notes and mortgages relating to the Purchased Assets were physically delivered to the offices of [the plaintiff]." The affidavit, which was based upon Lancaster's review of and familiarity with the plaintiff's records, was sufficient to establish, prima facie, that "the notes and mortgages relating to the Purchased Assets" were physically delivered to the plaintiff. However, Lancaster's averment that the subject "loan" was among those purchased assets was hearsay for which she failed to lay a proper foundation under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 620 [2016]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]). Moreover, no further evidence was submitted to establish that the subject note and mortgage were among the purchased assets. Accordingly, the plaintiff failed to establish, prima facie, its standing to commence this action.

In addition, the plaintiff failed to establish, prima facie, its capacity to commence this action. In that respect, the plaintiff did not demonstrate, prima facie, that it had been delegated the authority by Wilmington to act on its behalf with respect to the subject mortgage since it failed to submit any agreement,

power of attorney, or similar documentation of such alleged authority (*cf. CWCapital Asset Mgt., LLC v Great Neck Towers, LLC*, 99 AD3d 850 [2012]; *CWCapital Asset Mgt. LLC v Charney-FPG 114 41st St., LLC*, 84 AD3d 506 [2011]; *see generally Amica Mut. Ins. Co. v Kingston Oil Supply Corp.*, 134 AD3d 750, 752 [2015]).

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Vista.

In light of our determination, we need not reach Vista's remaining contentions. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.