Bank of N.Y. Mellon v Morris (2019 NY Slip Op 03943)





Bank of N.Y. Mellon v Morris


2019 NY Slip Op 03943


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-02108
 (Index No. 609089/15)

[*1]Bank of New York Mellon, etc., respondent, 
v
Cathy Morris, appellant, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Druckman Law Group PLLC, Westbury, NY (Stuart L. Druckman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cathy Morris appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated December 15, 2016, which granted the plaintiff's motion for summary judgment, the appointment of a referee, and leave to amend the caption.
ORDERED that the order is affirmed, with costs.
In 2006, the defendant Cathy Morris (hereinafter the defendant) obtained a loan from America's Wholesale Lender, which was secured by a mortgage on her real property in Suffolk. The defendant defaulted on her mortgage payments. By letter dated May 4, 2009, the defendant was sent a "notice of intent to accelerate," which stated that if she did not pay the balance of her loan "on or before June 8, 2009," "the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." Thereafter, a foreclosure action was initiated, but the mortgage and note were assigned in 2012 to the plaintiff, Bank of New York Mellon (hereinafter BNY Mellon), which successfully moved to discontinue the initial foreclosure action on the ground that the "proceeding needs to be restarted due to a potential defect with the breach letter."
On or about July 10, 2015, BNY Mellon commenced this action to foreclose the mortgage. In her answer to the complaint, the defendant asserted, inter alia, the affirmative defense of the statute of limitations. Thereafter, BNY Mellon moved for summary judgment, the appointment of a referee, and leave to amend the caption. The Supreme Court granted the motion, and the defendant appeals, solely on the ground that the action is barred by the statute of limitations.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, BNY Mellon established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562), as it is clear from the record that the action is not time-barred. Contrary to the defendant's contention, the May 4, 2009, letter was not a clear and unequivocal acceleration of the mortgage (see FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1309; Southwell v Middleton, 67 AD3d 666, 669). Rather, it "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121). As the defendant failed to raise a triable issue of fact in opposition to the evidence that the six-year statute of limitations did not begin to run until the filing of this action in 2015 (see Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d at 562; Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476), we agree with the Supreme Court's determination granting the plaintiff's motion, among other things, for summary judgment (see Ditech Fin., LLC v Corbett, 166 AD3d 1568, 1569).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court