J & JT Holding Corp. v Deutsche Bank Natl. Trust Co. (2019 NY Slip Op 04366)





J & JT Holding Corp. v Deutsche Bank Natl. Trust Co.


2019 NY Slip Op 04366


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-05768
 (Index No. 12296/14)

[*1]J & JT Holding Corp., respondent,
v
Deutsche Bank National Trust Company, etc., appellant.


Blank Rome LLP (Bryan Cave LLP, New York, NY [Suzanne M. Berger and Elizabeth J. Goldberg], of counsel), for appellant.
Chidi A. Eze, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered March 29, 2016. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint is granted.
In October 2006, nonparty Pradeep Lakhanlall obtained a loan in the amount of $480,000 from nonparty Impac Funding Corporation (hereinafter Impac) secured by a mortgage on real property located in South Ozone Park. The mortgage was recorded by Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), the mortgagee of record, on behalf of Impac. In April 2007, after Lakhanlall defaulted on the payment due on January 1, 2007, and those due thereafter, the defendant, Deutsche Bank National Trust Company (hereinafter Deutsche Bank), commenced an action to foreclose the mortgage (hereinafter the foreclosure action). In an order dated October 1, 2008, the Supreme Court denied Deutsche Bank's ex parte motion for a judgment of foreclosure and sale because Deutsche Bank failed to annex a copy of the relevant assignment between it and MERS.
Deutsche Bank subsequently moved for leave to renew its motion for a judgment of foreclosure and sale, and included a copy of the assignment dated October 10, 2007, of the subject mortgage, together with the note, from MERS, as nominee for Impac, to it, referenced by the court in the prior order. In an order entered October 21, 2009 (hereinafter the October 2009 order), the Supreme Court granted leave to renew, and thereupon, adhered to its original determination and, sua sponte, directed dismissal of the complaint in the foreclosure action for lack of standing since the foreclosure action was commenced on April 30, 2007, prior to the date of the subject assignment.
Thereafter, Deutsche Bank moved to discontinue the foreclosure action and to cancel the notice of pendency that was filed when the foreclosure action was commenced. The motion was unopposed. By order entered June 12, 2013 (hereinafter the June 2013 order), the Supreme Court [*2]granted Deutsche Bank's motion, relieved the appointed referee, and directed that the Queens County Clerk cancel the notice of pendency.
By deed dated March 27, 2014, the plaintiff, J & JT Holding Corp., acquired title to the subject property from Lakhanlall. By summons and complaint dated August 6, 2014, the plaintiff commenced this action against Deutsche Bank pursuant to RPAPL article 15, seeking a declaration that it was the lawful owner of the subject property free and clear of any bond or mortgage, to bar Deutsche Bank from making any claim against the property, and to direct the Clerk to cancel and discharge of record the mortgage. The plaintiff alleged that the applicable six-year statute of limitations barred an action to foreclose upon the subject mortgage, relying on the date of the commencement of the foreclosure action on April 30, 2007, and the issuance of a default notice issued prior to April 30, 2007, to Lakhanlall.
Prior to answering, Deutsche Bank moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order entered March 29, 2016, the Supreme Court, among other things, denied Deutsche Bank's motion. Deutsche Bank appeals from so much of the order as denied its motion. We reverse the order insofar as appealed from.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). "In order for evidence to qualify as documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997; see Fontanetta v John Doe 1, 73 AD3d 78, 84-86). "[I]t is clear that judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable,' would qualify as documentary evidence' in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 21-22).
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Greenberg v Spitzer, 155 AD3d 27, 44).
"[A] person with an estate or interest in real property subject to an encumbrance may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Milone v US Bank N.A., 164 AD3d 145, 151; see RPAPL 1501[4]). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982).
"Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing [*3]the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983, citing Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340, and Ward v Walkley, 143 AD2d 415, 417). "Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439; see Milone v US Bank N.A., 164 AD3d at 152). In addition to written notice, [a]n acceleration of a mortgage debt can occur when a creditor commenced as action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, NA v Lefkowitz, 171 AD3d 843, 844 quoting Milone v US Bank N.A., 164 AD3d at 152). "However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not have the authority to accelerate the debt or to sue to foreclose at that time'" (MLB Sub I, LLC v Grimes, 170 AD3d 992, 993, quoting Wells Fargo Bank, NA v Burke, 94 AD3d at 983).
Here, contrary to the plaintiff's contention and the opinion of our dissenting colleague, the commencement of the foreclosure action, which was dismissed on the ground that Deutsche Bank lacked standing, was ineffective to constitute a valid exercise of the option to accelerate the debt since Deutsche Bank did not have the authority to accelerate the debt at that time (see U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 662-663; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d 592). The plaintiff did not identify the specific time when the mortgage was actually, legally accelerated. Furthermore, the notices of default were nothing more than letters discussing acceleration as a possible future event, which do not "constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d at 475; see Bank of N.Y. Mellon v Morris, ___ AD3d ___, 2019 NY Slip Op 03943 [2d Dept 2019]; Milone v US Bank N.A., 164 AD3d at 152; Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121, 1122-1123).
Consequently, the allegations in the complaint that the debt was accelerated as of April 30, 2007, the date when Deutsche Bank commenced the underlying foreclosure action, or prior to April 30, 2007, when the notices of default were sent, are utterly refuted by the documentary evidence submitted by Deutsche Bank, which included the written assignment of the mortgage "together with the . . . note" and the October 2009 order, in support of that branch of its motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint (see Heaney v Purdy, 29 NY2d 157, 159; Carbone v US Bank N.A., 156 AD3d 678, 679-680; see also 21st Mtge. Corp. v Adames, 153 AD3d at 475). Moreover, Deutsche Bank, through the evidence it submitted with its motion, demonstrated that the plaintiff's allegation that the statute of limitations to foreclose the subject mortgage had expired was "not a fact at all," and that "it can be said that no significant dispute exists regarding it," warranting dismissal of the complaint pursuant to CPLR 3211(a)(7) (Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031; see Guggenheimer v Ginzburg, 43 NY2d at 275; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d at 663). Contrary to the plaintiff's contention, its submission of excerpts of a pooling and servicing agreement, dated November 1, 2006, entered into between Impac and Deutsche Bank, did not demonstrate that Deutsche Bank had been assigned the subject note five months before it commenced the foreclosure action.
Our dissenting colleague suggests that we can reach and address the propriety of the October 2009 order, inter alia, directing dismissal of the complaint in the foreclosure action and the June 2013 order, inter alia, granting the discontinuance of the foreclosure action. We cannot and should not. No appeal was taken or motion filed addressing those orders, which were rendered prior to the commencement of this action in August 2014.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted Deutsche Bank's motion pursuant to CPLR 3211(a) to dismiss the complaint.
AUSTIN, J.P., ROMAN and COHEN, JJ., concur.
BARROS, J., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum:
I. Introduction
On April 30, 2007, Deutsche Bank National Trust Company (hereinafter Deutsche Bank) commenced a foreclosure action against the plaintiff's predecessor, Pradeep Lakhanlall. Deutsche Bank's complaint alleged, inter alia, that it was the note holder, and that it was exercising its option to accelerate the mortgage debt under the terms of the note and mortgage. Lakhanlall did not answer or appear in the action. By order entered October 21, 2009, the Supreme Court, inter alia, sua sponte directed dismissal of Deutsche Bank's complaint in the foreclosure action based upon lack of standing (hereinafter the October 2009 order). By order entered June 12, 2013, the court granted Deutsche Bank's motion, inter alia, to voluntarily discontinue its foreclosure action (hereinafter the June 2013 order).
By deed dated March 27, 2014, the plaintiff acquired title to the subject property from Lakhanlall. By summons and complaint dated August 6, 2014, the plaintiff commenced this action against Deutsche Bank pursuant to RPAPL 1501(4), inter alia, to declare that the plaintiff's title to the property was free and clear of any mortgage held by Deutsche Bank since any foreclosure action would be time-barred. Prior to answering, Deutsche Bank moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint on the basis, among others, that documentary evidence established that the mortgage debt was not validly accelerated, and therefore the statute of limitations for commencement of a foreclosure action was never triggered. In the order appealed from, the Supreme Court, inter alia, denied Deutsche Bank's pre-answer motion to dismiss. Deutsche Bank appeals from that determination.
On appeal, Deutsche Bank advances two principal arguments in furtherance of its contention that the mortgage debt was never validly accelerated, and, therefore, the statute of limitations was never triggered. First, Deutsche Bank contends that its commencement of the foreclosure action against Lakhanlall in April 2007 did not validly accelerate the mortgage debt since the Supreme Court issued the October 2009 order directing dismissal upon its determination that Deutsche Bank lacked standing to prosecute that action, and that such determination is entitled to res judicata/collateral estoppel effect in the instant action. In this regard, Deutsche Bank relies upon caselaw to the effect that commencement of a foreclosure action by a plaintiff who lacks standing does not validly accelerate the mortgage debt (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983). Second, Deutsche Bank argues that its notice of default letters, which were issued prior to commencement of the foreclosure action, did not accelerate the mortgage debt.
My colleagues in the majority fail to address the res judicata/collateral estoppel issue that was raised as Deutsche Bank's first argument, and was addressed as Point 1 in the respondent's brief. Without stating so, the majority gives collateral estoppel effect to the October 2009 order. Contrary to the majority's determination, that order is not entitled to collateral estoppel effect because it was nullified when the Supreme Court subsequently granted Deutsche Bank's motion to voluntarily discontinue the foreclosure action in the June 2013 order. Moreover, as a general rule, orders that are issued sua sponte and on default are not entitled to collateral estoppel effect. Also, the issue as to whether Deutsche Bank's documents established its standing in the foreclosure action, which was decided in the October 2009 order, is not identical to the issue of whether Deutsche Bank exercised its option to accelerate the mortgage debt under the terms of the note and mortgage. For those reasons and as further set forth herein, the October 2009 order should not be given collateral estoppel effect in this action.
As to Deutsche Bank's second argument, I agree with my colleagues in the majority that the precommencement notice of default letters did not constitute an exercise of the mortgage's optional acceleration clause (see 21st Mtge. Corp. v Adames, 153 AD3d 474, 475).
In addition to relying upon the nullified October 2009 order, the majority searches the record and relies upon an assignment of mortgage dated October 10, 2007, from Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), to Deutsche Bank. However, Deutsche Bank never asserted that its own business records established its lack of standing. Even considering that assignment of mortgage, it does not conclusively establish when Deutsche Bank acquired the note because there is no evidence as to when, if ever, MERS acquired the note. A transfer by MERS of the mortgage without the note is a nullity, and no interest can be acquired by it (see Bank of N.Y. v Silverberg, 86 AD3d 274, 280).
In alleging that the mortgage debt was accelerated on April 30, 2007, when Deutsche Bank commenced the foreclosure action, the plaintiff properly relied upon Deutsche Bank's complaint, which alleged that it was the holder of the note and that it was exercising its option to accelerate the mortgage debt. Under similar circumstances, we have held that such proof is sufficient to meet the homeowner's prima facie burden on a motion seeking dismissal of a foreclosure action as time-barred (see Ventures Trust 2013-I-H-R v Chitbahal, 167 AD3d 682, 683; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633; U.S. Bank N.A. v Barnett, 151 AD3d 791, 792-793).
An allegation in a complaint cannot be utterly refuted, or a defense conclusively established, if there are questions of fact regarding such allegation or defense (see CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326-327; Leon v Martinez, 84 NY2d 83, 88). As will be shown, Deutsche Bank's submissions in support of its pre-answer motion to dismiss this quiet title action did not utterly refute the plaintiff's allegation that any foreclosure action would now be time-barred or conclusively establish a defense to the plaintiff's complaint (see CPLR 3211[a][1]). The complaint sufficiently states a cause of action to quiet title under RPAPL 1501(4). Thus, I agree with the Supreme Court's determination to deny Deutsche Bank's motion.
II. The October 2009 Order Is a Nullity
"When an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified" (Newman v Newman, 245 AD2d 353, 354; see Harris v Ward Greenberg Heller & Reidy, LLP, 151 AD3d 1808, 1810; A.K. v T.K., 150 AD3d 1091, 1093; Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 549). The October 2009 order, which Deutsche Bank exclusively relies upon as the basis for dismissing this action, was nullified 3½ years later by the June 2013 order, in which the same court granted Deutsche Bank's motion to voluntarily discontinue the foreclosure action. Given that the action had already been dismissed in 2009, the Supreme Court in 2013 could have denied Deutsche Bank's motion to voluntarily discontinue the action as academic. Instead, it granted Deutsche Bank's motion, which had the effect of nullifying its own October 2009 order. The foreclosure action cannot have been terminated by both a dismissal order in October 2009 and also by a voluntary discontinuance in 2013, as implied by the majority's decision.
Contrary to Deutsche Bank's alternate contention, the June 2013 order was "insufficient, in itself, to evidence an affirmative act to revoke the election to accelerate the mortgage debt" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809; see Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
III. In Any Event, the October 2009 Order Is Not Entitled to Res Judicata or Collateral Estoppel Effect
Even assuming that the October 2009 order was not nullified by the June 2013 order, it would still not be entitled to res judicata or collateral estoppel effect in this action. The majority erroneously gives the October 2009 order "documentary evidence" treatment without considering whether it was entitled to res judicata or collateral estoppel effect. A defense based upon res judicata or collateral estoppel is governed by CPLR 3211(a)(5), not CPLR 3211(a)(1). Although a judicial order may qualify as "documentary evidence" for purposes of admissibility under CPLR 3211(a)(1) (see Fontanetta v John Doe 1, 73 AD3d 78, 84), it cannot be used to preclude a party in a subsequent action from litigating an issue decided in that judicial order unless the doctrines of res judicata or [*4]collateral estoppel apply.
"The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Schwarz v Schwarz, 150 AD3d 915, 917 [internal quotation marks omitted]; Matter of James M. v City of N.Y. Police Dept., 69 AD3d 634, 635). "Pursuant to the doctrine of res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action. One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion" (Highlands Ctr., LLC v Home Depot U.S.A., Inc., 149 AD3d 919, 921 [citations and internal quotation marks omitted]).
Here, the doctrine of res judicata does not apply since the foreclosure action did not result in a valid final judgment. Moreover, any dismissal for lack of standing is without prejudice and is not "intended to have any determinative effect on the merits of the action" (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 n 3 [internal quotation marks omitted]; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 837-838; Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031).
"Collateral estoppel, or issue preclusion, is a component of the broader doctrine of res judicata which provides that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (Highlands Ctr., LLC v Home Depot U.S.A., Inc., 149 AD3d at 921 [internal quotation marks omitted]). Moreover, "[c]ollateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue [that was] raised in a prior action or proceeding and decided against that party, or those in privity" (Matter of London Leasing L.P. v Division of Hous. & Community Renewal, 153 AD3d 709, 712 [internal quotation marks omitted]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). "[C]ollateral estoppel effect will only be given to matters actually litigated and determined in a prior action" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [internal quotation marks omitted]). "An issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation" (id. at 456-457). "If the issue has not been litigated, there is no identity of issues between the present action and the prior determination" (id. at 456).
Because the sua sponte dismissal of the foreclosure action was without prejudice, and not intended to have any determinative effect on the merits of the action (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d at 13 n 3; U.S. Bank N.A. v Gordon, 158 AD3d at 837-838), it cannot have collateral estoppel effect. Moreover, the issue of standing was not actually litigated since it was decided on Lakhanlall's default (see Kaufman v Eli Lilly & Co., 65 NY2d at 456-457). Lakhanlall never placed Deutsche Bank's standing in issue by raising it as an affirmative defense in an answer or making a pre-answer motion to dismiss (see U.S. Bank N.A. v Nelson, 169 AD3d 110, 114; BAC Home Loans Servicing, LP v Alvarado, 168 AD3d 1029). Moreover, Deutsche Bank may not rely upon the doctrine of collateral estoppel effect because the October 2009 order was not determined in its favor against Lakhanlall.
Furthermore, the issue decided in the October 2009 order, which was whether Deutsche Bank's submissions established its standing to foreclose, is not identical to the pertinent issue in this case, which is whether Deutsche Bank accelerated the mortgage loan so as to render any foreclosure action time-barred. We must be careful to draw a distinction between a dismissal for lack of standing based upon information contained in the creditor's business records, and a dismissal for lack of standing based upon the creditor's failure to produce sufficient records establishing its standing. In the former scenario, documents affirmatively show that the creditor was not the note holder when it commenced the foreclosure action, and, therefore, the mortgage debt was not accelerated upon commencement of the foreclosure action. In the latter scenario, the records are [*5]inconclusive, and it is not clear whether the mortgage debt was accelerated upon commencement.
Here, although the October 2009 order states that "it is clear that [Deutsche Bank] did not have standing," it also states that Deutsche Bank failed to submit evidence "that any steps were taken on December 1, 2006 to effectuate an assignment." Deutsche Bank failed to submit any evidence as to when, if ever, it became holder of the note, which "is the dispositive instrument that conveys standing to foreclose" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). Thus, the sua sponte dismissal of the complaint was based upon the court's determination that, after being given multiple opportunities to do so, Deutsche Bank failed to submit sufficient evidence of its standing. The determination was not based upon submission of documents establishing lack of standing.
This case is distinguishable from cases in which this Court has held that an acceleration of the mortgage debt by commencement of a foreclosure action was ineffective where the issue of the creditor's standing had been fully litigated, and the creditor was determined to have lacked standing (see U.S. Bank N.A. v Gordon, 158 AD3d at 833; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). In such situations, the dismissal of the prior foreclosure action was determined after the defendant had placed the creditor's standing in issue, and the court's determination was based upon the business records and other evidence demonstrating lack of standing. In contrast, here, the prior homeowner defaulted in the foreclosure action, and, therefore, the issue of Deutsche Bank's standing was never contested. Moreover, the records submitted by Deutsche Bank in the foreclosure action neither established nor negated its standing to foreclose.
We must also be careful to distinguish between the concepts of standing to foreclose and authority to accelerate a mortgage debt. Standing to foreclose is determined as of the date the action is commenced (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753; see also Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). In contrast, acceleration of the mortgage debt is determined as of the date the note holder has made an affirmative act evidencing its election to accelerate under the terms of the note and mortgage (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983 ["Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation"]; see also Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Ward v Walkley, 143 AD2d 415, 417).
Here, in support of its pre-answer motion to dismiss, Deutsche Bank failed to show when, if ever, it became the holder of the note. If, for example, Deutsche Bank became the holder of the note after commencement of the foreclosure action, such as through the purported assignment from MERS in October 2007, but before it moved for a judgment of foreclosure and sale, the complaint would have properly been dismissed for lack of standing. But, upon belatedly becoming the note holder, Deutsche Bank may still have evidenced its election to accelerate the mortgage debt by having taken an affirmative step in furtherance of acceleration. Upon Deutsche Bank's election to accelerate the mortgage debt, the statute of limitations would have been triggered, regardless of the dismissal of the foreclosure action for lack of standing.
In sum, the application of the formal requirements of the doctrines of res judicata and collateral estoppel compels the conclusion that the plaintiff, who is in privity with Lakhanlall (see Buechel v Bain, 97 NY2d 295, 304 [privity includes "those who are successors to a property interest" (internal quotation marks omitted)]), was not precluded from claiming in this quiet title action that Deutsche Bank had standing to foreclose against Lakhanlall, and that Deutsche Bank's commencement of the foreclosure action against Lakhanlall effected an acceleration of the mortgage debt (see Matter of London Leasing L.P. v Division of Hous. & Community Renewal, 153 AD3d at 712).
Notwithstanding its formal requirements, the application of the doctrine of collateral estoppel is "a flexible one," which requires analysis of "whether relitigation should be permitted in a particular case in light of . . . fairness to the parties, conservation of the resources of the court and [*6]the litigants, and the societal interests in consistent and accurate results" (Buechel v Bain, 97 NY2d at 304 [internal quotation marks omitted]).
Giving collateral estoppel effect to the October 2009 order results in unfairness to the plaintiff since neither the plaintiff nor Lakhanlall ever opposed Deutsche Bank's attempt to obtain a judgment of foreclosure and sale within the limitations period. Lakhanlall never challenged Deutsche Bank's standing to foreclose at any time. Thus, any delay in timely prosecuting a mortgage foreclosure action is not attributable to any conduct of the plaintiff or its predecessor.
Further, application of collateral estoppel does not serve the interests of conserving the resources of the court or the litigants. Deutsche Bank's position on this motion, which is that it lacked standing to foreclose and, therefore, did not accelerate the mortgage debt, is inconsistent with the position it took in its foreclosure action, which was that it was the holder of the note and mortgage and that it elected to accelerate the mortgage debt. As a general rule, a litigant is not permitted "to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise" (Piedra v Vanover, 174 AD2d 191, 197 [internal quotation marks omitted]; see Bihn v Connelly, 162 AD3d 626, 627). "The policies underlying preclusion of inconsistent positions are general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings" (Piedra v Vanover, 174 AD2d at 197 [internal quotation marks and brackets omitted]). Given that all of the records which would resolve the issue of Deutsche Bank's standing to foreclose are within the exclusive possession of Deutsche Bank, there exists no valid reason to permit Deutsche Bank to take inconsistent positions merely because its interests have changed. Deutsche Bank's shifting of positions with respect to the issue of its standing will likely give rise to a third lawsuit emanating from the same mortgage loan.
Finally, application of collateral estoppel does not serve the societal interest in consistent and accurate results. The sua sponte dismissal of the uncontested foreclosure action based upon "lack of standing" was patently erroneous (see U.S. Bank N.A. v Gulley, 137 AD3d 1008, 1009; Nationstar Mtge., LLC v Wong, 132 AD3d 825, 825; Onewest Bank, FSB v Prince, 130 AD3d 700, 701; Bank of N.Y. v Cepeda, 120 AD3d 451, 453; Wells Fargo Bank, N.A. v Gioia, 114 AD3d 766, 767; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048), and Deutsche Bank failed to exercise any diligence by timely seeking leave to appeal from that order (see CPLR 5701[c]). Indeed, Deutsche Bank waited more than 3½ years before moving for an order of voluntary discontinuance, which discontinuance had the legal effect of nullifying the erroneous October 2009 order. Considering the appropriate factors, there is no valid reason to give collateral estoppel effect to the October 2009 order.
IV. Deutsche Bank's Business Records Do Not Conclusively Establish its Lack of Standing
Unlike Deutsche Bank, the majority suggests that Deutsche Bank's business records establish that it lacked standing to prosecute the foreclosure action. The majority relies upon a document purporting to show that on October 10, 2007, approximately six months after commencement of the foreclosure action, MERS retroactively assigned the mortgage and note to Deutsche Bank "effective on or before December 1, 2006." The document purports, in boilerplate fashion, to assign the mortgage "together with the bond or note or obligation described in said mortgage."
The record, however, also shows that Lakhanlall borrowed money from nonparty Impac Funding Corporation (hereinafter Impac) to purchase the subject property, and that the loan was secured by a mortgage in favor of MERS, as nominee for Impac, encumbering the subject property. Although MERS was designated as mortgagee of record, there is no indication that MERS was assigned the note as well.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). "As a general matter, once a promissory [*7]note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note. By contrast, a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it" (Bank of N.Y. v Silverberg, 86 AD3d at 280 [citations and internal quotation marks omitted]). "[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law" (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738).
Although Deutsche Bank's business records indicate that Deutsche Bank was not assigned the mortgage until after commencement of the foreclosure action, they do not indicate when, if ever, Deutsche Bank became the holder of the note. Given that no evidence was presented as to when, if ever, MERS acquired the note, the October 2007 assignment from MERS to Deutsche Bank was insufficient to conclusively establish that Deutsche Bank first acquired the note after it commenced the foreclosure action.
In any event, Deutsche Bank's verified complaint alleges that it was the holder of the note and mortgage, and "has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal." It has long been recognized that the unequivocal overt act of filing a summons and verified complaint and notice of pendency in a foreclosure action evidences that the creditor has elected to accelerate a mortgage debt under an acceleration clause of the mortgage agreement (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY at 476; see also Milone v US Bank N.A., 164 AD3d 145, 152; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658; Clayton Natl. v Guldi, 307 AD2d 982; City Sts. Realty Corp. v Jan Jay Constr. Enters. Corp., 88 AD2d 558, 559). None of the documents submitted by Deutsche Bank conclusively negate its prior representation that it was the note holder when it commenced the foreclosure action.
Moreover, in opposition to Deutsche Bank's motion, the plaintiff submitted excerpts of a pooling and servicing agreement dated November 1, 2006, showing that Lakhanlall's original lender, Impac, entered into, inter alia, a mortgage loan purchase agreement with Deutsche Bank with a closing date on November 16, 2006. Although the excerpt of the pooling and servicing agreement does not, itself, show when Deutsche Bank acquired the subject note, it suggests that Deutsche Bank was supposed to have acquired the note, along with other notes, months prior to commencement of the foreclosure action. At the very least, the excerpt of the pooling and servicing agreement demonstrates that this action should not be dismissed before the parties have had an opportunity to conduct any disclosure.
V. Conclusion
The complaint states a cause of action to quiet title under RPAPL 1501(4) (see CPLR 3211[a][7]), and the documentary evidence submitted by Deutsche Bank in support of that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1) failed to conclusively establish a defense of collateral estoppel or res judicata, or utterly refute the plaintiff's factual allegation that the six-year statute of limitations for commencing a foreclosure action had expired (see CPLR 3211[a][1]). Accordingly, I vote to affirm the order insofar as appealed from.
ENTER:
Aprilanne Agostino
Clerk of the Court