Onewest Bank FSB v Psp-nc, LLC (2020 NY Slip Op 01627)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Onewest Bank FSB v Psp-nc, LLC

2020 NY Slip Op 01627

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-04498
(Index No. 12181/14)

[*1]Onewest Bank FSB, etc., appellant,
vPSP-NC, LLC, respondent.

Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Mark J. Krueger of counsel), for appellant.
Lawrence and Walsh, P.C., Hempstead, NY (John Tangel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 16, 2016. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
In December 2005, nonparty Micheline Theodore executed a note in favor of Freemont Investment & Loan (hereinafter Freemont), secured by a mortgage given to Mortgage Electronic Registration Systems, Inc., as nominee for Freemont, encumbering real property in Brooklyn (hereinafter the Freemont mortgage). In January 2008, nonparty Samuel Emile purchased the subject property from Theodore and executed a note in favor of IndyMac Bank, FSB, secured by a mortgage on the property (hereinafter the IndyMac mortgage). Through a series of assignments, the Freemont mortgage was assigned to the defendant and the IndyMac mortgage was assigned to the plaintiff.
In August 2014, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge the Freemont mortgage on the ground that the statute of limitations for the defendant to commence an action to foreclose that mortgage had expired. The plaintiff also sought a declaration that the IndyMac mortgage was the first mortgage on the property. Thereafter, the plaintiff moved for summary judgment on the complaint. The plaintiff contended that the debt underlying the Freemont mortgage had been accelerated by the defendant's predecessor, GMAC, as of August 18, 2006, when GMAC commenced an action to foreclose it. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
"RPAPL 1501(4) authorizes a person having an estate or interest in real property subject to a mortgage to maintain an action against another to secure the cancellation and discharge of record of such encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired" (FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1308 [internal quotation marks omitted]; see RPAPL 1501[4]; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659; Kashipour v Wilmington Sav. Fund [*2]Socy., FSB, 144 AD3d 985, 986). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Wilmington Trust, N.A. v Dawson, 174 AD3d 673, 675 [internal quotation marks omitted]; see HSBC Bank, N.A. v Vaswani, 174 AD3d 514, 515). The holder of a mortgage note may accelerate the debt by written notice to the borrower or by commencing a foreclosure action (cf. Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn., 175 AD3d 665; 21st Mtge. Corp. v Adames, 153 AD3d 474, 476). However, the commencement of a foreclosure action by a plaintiff lacking standing does not serve to accelerate the debt (see Herzl Dev. Group, LLC v Federal Natl. Mtge. Assn., 175 AD3d at 666; 21st Mtge. Corp. v Adames, 153 AD3d at 475; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983).
Here, the plaintiff failed to establish, prima facie, that GMAC's commencement of the foreclosure action in August 2006 accelerated the mortgage such that the statute of limitations then began to run. The plaintiff's submissions in support of its summary judgment motion failed to eliminate questions of fact as to whether GMAC had standing to commence the action (see 21st Mtge. Corp. v Adames, 153 AD3d at 475; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983). The evidence the plaintiff submitted for the first time in reply to the defendant's opposition could not be used to satisfy its prima facie burden (see U.S. Bank N.A. v Laino, 172 AD3d 947, 948; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 783). In light of the plaintiff's failure to meet its prima facie burden, its motion was properly denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court