■ In the Matter of TRACY BOUCHER, Petitioner, v CARRIAGE HOUSE REALTY CORP., Respondent. DAVID J. SUTTON, P.C., Nonparty Appellant; VINCENT J. MESSINA, JR., Nonparty Respondent. [962 NYS2d 718]—

In a corporate dissolution proceeding, the nonparty David J. Sutton, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 30, 2011, as denied its motion to direct the nonparty Vincent J. Messina, Jr., as receiver, to pay it the sum of $23,154.71 for legal services purportedly rendered to Carriage House Realty Corp. in defense of the proceeding, and an attorney's fee in the sum of $1,000 for preparation of its motion.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This proceeding for dissolution of a corporation pursuant to Business Corporation Law § 1104 was commenced by Tracy Boucher, one of the 50% shareholders of Carriage House Realty Corp. (hereinafter Carriage House). In the early stages of the proceeding, Joan Gorta, the other 50% shareholder of Carriage House, retained David J. Sutton, P.C. (hereinafter Sutton), ostensibly to represent Carriage House in the proceeding. After an order was issued directing the dissolution of Carriage House and appointing Vincent J. Messina, Jr., as receiver, Sutton moved to direct the receiver to pay Sutton the sum of $23,154.71 for legal services purportedly rendered to Carriage House in defense of the proceeding, and an attorney's fee in the sum of $1,000 for preparation of Sutton's motion. The Supreme Court denied the motion, and we affirm for a reason different from that relied upon by the Supreme Court. Specifically, there is no authority for allowing counsel fees incurred in defending a dissolution proceeding of this type to be paid out of corporate funds (*see Matter of Park Inn Ford*, 249 AD2d 307 [1998]; *Matter of Rappaport*, 110 AD2d 639, 641 [1985]; *Matter of Reinschreiber [Lipp]*, 70 AD2d 596 [1979]; *Matter of Cantelmo [Brewer-Cantelmo Co., Inc.—Daru, Vischi & Winter]*, 278 App Div 800 [1951]). Accordingly, Sutton's motion was properly denied. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.