■ In the Matter of NISSIM KASSAB, Respondent, v AVRAHAM KASAB et al., Appellants. [27 NYS3d 683]—

In a hybrid proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a corporation, and action, among other things, to recover damages for breach of fiduciary duty, the respondents/defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 5, 2015, as granted those branches of the petitioner/plaintiff's motion which were to hold the respondent/defendant Avraham Kasab in civil contempt for violation of an order of the same court dated July 30, 2013, and for an attorney's fee and the imposition of a fine, and (2) an order of the same court dated April 15, 2015, which, inter alia, imposed a fine upon the respondent/defendant Avraham Kasab in the sum of $250, and directed him to pay the petitioner/plaintiff an attorney's fee and costs in the sum of $25,045.

Ordered that the order dated February 5, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated April 15, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner/plaintiff.

Nissim Kassab (hereinafter the petitioner) is a 25% shareholder in Corner 160 Associates, Inc. (hereinafter Corner), and his brother, Avraham Kasab (hereinafter the respondent), is a 75% shareholder in Corner. The petitioner commenced this hybrid proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of Corner, and action, among other things, for declaratory relief. On July 30, 2013, the Supreme Court issued a temporary restraining order, inter alia, enjoining the respondent from "transferring, remov-

ing, hypothecating, secreting or in any way disposing of any and all income and property of [Corner], except in the ordinary course of business." The petitioner moved, among other things, to hold the respondent in civil contempt for using Corner's funds to pay his legal fees in the subject hybrid proceeding and action in violation of the temporary restraining order. In an order dated February 5, 2015, the court, inter alia, granted that branch of the petitioner's motion which was to hold the respondent in civil contempt. In an order dated April 15, 2015, the court, among other things, imposed a fine upon the respondent in the sum of $250, and directed him to pay the petitioner an attorney's fee and costs in the sum of $25,045.

"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (*Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]). "To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (*Casler v Casler*, 131 AD3d 664, 665 [2015]; *see El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013], *affd* 26 NY3d 19 [2015]).

Here, the petitioner established, by clear and convincing evidence, that the respondent disobeyed a lawful order of the Supreme Court, clearly expressing an unequivocal mandate, with knowledge of its terms, by using funds belonging to Corner to pay his legal fees in this hybrid proceeding and action (*see Matter of Burke v Erle*, 125 AD3d 773 [2015]; *Matter of Milazzo v Hamerschlag*, 102 AD3d 615 [2013]), and that the petitioner was prejudiced by the offending conduct (*see Matter of Executive Life Ins. Co. of N.Y.*, 122 AD3d 629, 630 [2014]). Further, contrary to the appellants' contention, legal fees incurred by a shareholder in defending a dissolution proceeding are not payable with corporate funds as expenses incurred in the ordinary course of business (*see Matter of Boucher v Carriage House Realty Corp.*, 105 AD3d 951 [2013]; *Matter of Park Inn Ford*, 249 AD2d 307 [1998]; *Matter of Penepent Corp.*, 198 AD2d 782 [1993]; *Matter of Public Relations Aids*, 109 AD2d 502, 511 [1985]; *Matter of Reinschreiber [Lipp]*, 70 AD2d 596 [1979]).

Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petitioner's motion which was to hold the respondent in civil contempt.

The appellants' remaining contentions are without merit. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.