■ HIGHLANDS CENTER, LLC, Appellant, v HOME DEPOT U.S.A., INC., Respondent. [53 NYS3d 321]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated December 18, 2014, as denied those branches of its motion which were pursuant to CPLR 3211 (a) to dismiss the defendant's first, second, and fifth counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant is a tenant in the Highlands Shopping Center (hereinafter the shopping center), and the plaintiff is its landlord. In October 2000, the defendant and the plaintiff's predecessor-in-interest, Emgee Highlands Corporation (hereinafter Emgee), entered into a series of related agreements for the development and operation of the shopping center. One of the agreements called for the defendant to contribute the sum of $5.82 million toward "site costs," with all other site costs to be borne by Emgee. The defendant and Emgee also entered into a 99-year ground lease, with an option to purchase.

Insofar as relevant to this appeal, the ground lease required the defendant to pay "the fees or charges for the use of all utilities consumed on the Premises," with water and sewer services provided by private companies affiliated with Emgee.

In 2001 and 2002, Emgee formed Independent Water Works, Inc. (hereinafter IWW), to provide water to the shopping center, and Independent Sewage Works, Inc. (hereinafter ISW), to provide sewer services. Emgee purportedly transferred the shopping center's water infrastructure to IWW for the sum of

$1,707,807 and the shopping center's sewage treatment facilities to ISW for the sum of $3,033,359.

IWW subsequently obtained a rate approval for its services from the New York State Public Service Commission (hereinafter PSC), and ISW obtained a rate approval for its services from the Town Board of the Town of Southeast (hereinafter the Town Board). The rates for both utilities were established based upon the square footage occupied by each tenant in the shopping center rather than each tenants' usage or consumption of those utilities, and used as the rate base the cost purportedly paid by each utility for its infrastructure.

Since the formation of IWW and ISW and the approval of their rates by the PSC and the Town Board, the defendant has pursued a variety of proceedings to challenge those rates before the PSC, the Town Board, the Supreme Courts of Westchester and Albany Counties, the Appellate Division, Third Department, and this Court, but has had only limited success in obtaining rate reductions. The defendant also commenced an action, inter alia, to recover damages for breach of contract and unjust enrichment against Emgee in the United States District Court for the Southern District of New York, which was eventually dismissed without prejudice pursuant to a stipulation and consent order.

In 2013, the plaintiff, as Emgee's successor-in-interest, commenced this action, inter alia, to recover damages for breach of contract to recover from the defendant costs relating to stormwater monitoring and maintenance. Insofar as relevant to this appeal, the defendant's first counterclaim alleged that the plaintiff breached the ground lease and related agreements by improperly permitting IWW and ISW to establish their rate base without taking into account the significant capital contributions made by the defendant pursuant to its agreements with the plaintiff, thus resulting in significant overcharges. The defendant's second counterclaim alleged that the plaintiff breached the ground lease and related agreements by permitting IWW and ISW to charge for their services based on square footage rather than metered usage, thereby resulting in overcharges to the defendant. In the alternative, the defendant's fifth counterclaim asserted the same claims under an unjust enrichment theory.

The plaintiff moved to dismiss the defendant's counterclaims pursuant to CPLR 3211 (a) (1), (5), and (7). The Supreme Court, inter alia, denied those branches of the motion which were to dismiss the first, second, and fifth counterclaims, but limited the defendant's potential recovery to damages allegedly

incurred after July 2010, based upon a concession made by the defendant.

On appeal, the plaintiff argues that the Supreme Court erred in denying that branch of its motion which was to dismiss the defendant's first and second counterclaims as barred by the doctrines of res judicata and collateral estoppel, because prior determinations of the PSC, the Town Board, and other courts have determined that utility rate charges based upon square footage were permissible, and that any rate reduction predicated on errors in calculating the rate base applied prospectively only. These contentions are without merit.

Pursuant to the doctrine of res judicata, or claim preclusion, "a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion" (*Blue Sky, LLC v Jerry's Self Stor., LLC*, 145 AD3d 945 [2016] [internal quotation marks omitted]).

Collateral estoppel, or issue preclusion, is "a component of the broader doctrine of res judicata" which provides that, "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Gramatan Home Invs. Corp. v Lopez*, 46 NY2d at 485). " '[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349, quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 501 [1984]).

Here, none of the prior ratemaking proceedings relied upon by the plaintiff have addressed the plaintiff's contractual duties under the ground lease and the related agreements entered into between Emgee and the defendant. The only prior action with any direct relevance to the contractual issues raised in the defendant's counterclaims was the federal court action commenced against Emgee, which was voluntarily dismissed without prejudice and, therefore, had no preclusive effect (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8 [2008]).

Hence, the Supreme Court correctly determined that the plaintiff failed to meet its burden of demonstrating that the defendant's first and second counterclaims are barred by the doctrines of res judicata and/or collateral estoppel.

Moreover, even if the plaintiff could show, for purposes of res judicata, that the prior rate cases against IWW and ISW arose out of the same transaction or series of transactions as the contract claims now asserted against the plaintiff, the plaintiff failed to demonstrate that it was in privity with IWW and ISW (*see Blue Sky, LLC v Jerry's Self Stor., LLC*, 145 AD3d 945 [2016]; *Bayer v City of New York*, 115 AD3d 897, 898 [2014]).

Turning to the branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second counterclaim, the Supreme Court correctly determined that the language of the relevant agreements and, in particular, the ground lease, did not utterly refute the allegations made in the second counterclaim (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *All Is. Media, Inc. v Creative AD Worx, Inc.*, 79 AD3d 677, 679 [2010]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, Miller and Barros, JJ., concur. ■