Jacob Marion, LLC v Jones (2019 NY Slip Op 00590)





Jacob Marion, LLC v Jones


2019 NY Slip Op 00590


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-04364
 (Index No. 512822/15)

[*1]Jacob Marion, LLC, appellant, 
v
Joann Jones, et al., respondents.


Leon I. Behar, P.C., New York, NY, for appellant.
Brooklyn Legal Services, Brooklyn, NY (Andrew A. Ortiz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for ejectment, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated March 17, 2016. The order denied the plaintiff's motion, inter alia, to dismiss the defendants' affirmative defenses, and, upon dismissal, for summary judgment on the complaint, and for an interim award for the defendants' use and occupancy of the premises. Presiding Justice Scheinkman has been substituted for former Justice Sgroi (see 22 NYCRR 1250.1[b]).
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was for an interim award for the defendants' use and occupancy of the premises, and substituting therefor a provision denying that branch of the motion without prejudice and with leave to renew at a nonpayment proceeding; as so modified, the order is affirmed, with costs to the defendants.
The plaintiff is the owner and landlord of a rent-stabilized apartment building located in Brooklyn. The plaintiff commenced this action against the defendants, residents of three separate rent-stabilized apartments, seeking to remove them on the ground that their tenancies are invalid. The defendants filed an answer in which they asserted various affirmative defenses, alleging, among other things, a landlord-tenant relationship, failure to state a cause of action, and that the action was barred by the doctrines of res judicata and collateral estoppel. The affirmative defenses of res judicata and collateral estoppel were based on determinations of the Civil Court, Kings County, in July and August 2015, that the subject premises are subject to the Rent Stabilization laws and, in effect, that the defendants' tenancies are protected thereunder. Prior to discovery in this action, the plaintiff moved, inter alia, to dismiss the defendants' affirmative defenses pursuant to CPLR 3211(b), and, upon dismissal, for summary judgment on the complaint.
Initially, even assuming, as the plaintiff contends, that the Supreme Court applied an incorrect standard of review, this Court may affirm an order for reasons other than those relied upon by the Supreme Court (see Matter of Boucher v Carriage House Realty Corp., 105 AD3d 951, 952; County of Suffolk v Caccavalla, 227 AD2d 511, 513-514).
The plaintiff failed to demonstrate that the defendants' affirmative defenses lack merit [*2]as a matter of law, as required under CPLR 3211(b) (see Gonzalez v Wingate at Beacon, 137 AD3d 747, 747; Bank of N.Y. v Penalver, 125 AD3d 796, 797). With respect to the defendants' affirmative defense alleging failure to state a cause of action, "[n]o motion . . . lies under CPLR 3211(b) to strike th[is] defense . . . as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim" (Mazzei v Kyriacou, 98 AD3 1088, 1089 [internal quotation marks omitted]; see Butler v Catinella, 58 AD3d 145, 151). We agree with the Supreme Court's denial of that branch of the plaintiff's motion which was to dismiss the affirmative defenses of res judicata and collateral estoppel. Pursuant to the doctrine of res judicata, or claim preclusion, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357; see Highlands Ctr., LLC v Home Depot U.S.A., Inc., 149 AD3d 919, 921). Collateral estoppel, or issue preclusion, a narrower species of res judicata, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Highlands Ctr., LLC v Home Depot U.S.A., Inc., 149 AD3d at 921).
Here, although the plaintiff asserts that no tenancy ever existed, which is contrary to the position it maintained in the prior holdover proceedings in the Civil Court (see Jacob Marion, LLC v "Doe", 58 Misc 3d 155[A], 2018 NY Slip Op 50191[U], *2 [App Term, 2d Dept, 11th & 13th Jud Dists]), the true nature of the plaintiff's claim in this action is that the defendants are not tenants protected under the Rent Stabilization laws. This, however, is exactly what the plaintiff contended in the prior holdover proceedings which were dismissed by the Civil Court. Therefore, the practical import of the Civil Court's determinations that the subject premises are rent-stabilized was that the defendants' tenancies also are protected under the Rent Stabilization laws (see Altschuler v Jobman 478/480, LLC, 135 AD3d 439, 440; Gersten v 56 7th Ave. LLC., 88 AD3d 189, 199). Accordingly, the plaintiff failed to demonstrate that the defendants' affirmative defenses of res judicata and collateral estoppel are without merit as a matter of law.
With respect to the defendants' affirmative defense based on the existence of valid leases, triable issues of fact preclude dismissal pursuant to CPLR 3211(b) (see Atlas Feather Corp. v Pine Top Ins. Co., 128 AD2d 578, 578-579). These triable issues of fact also preclude granting summary judgment to the plaintiff on the complaint, as the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on the complaint, regardless of the sufficiency of the defendants' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, the Supreme Court should have denied without prejudice and with leave to renew at a nonpayment proceeding that branch of the plaintiff's motion which was for an interim award for the defendants' use and occupancy of the premises. Although the Housing Court in the prior proceeding denied the plaintiff's request for use and occupancy as moot because it dismissed the holdover proceedings, the plaintiff may still commence nonpayment proceedings against the defendants (see RPAPL 711[2]; Greene v Stone, 160 AD2d 367; Oberlies v Oliva, 45 Misc 2d 533 [App Term, 1st Dept]).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., MASTRO, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court