Troffa v Troffa (2021 NY Slip Op 01281)





Troffa v Troffa


2021 NY Slip Op 01281


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-12622
 (Index No. 609510/16)

[*1]Jonathan Troffa, et al., appellants,
v
Joseph M. Troffa, et al., respondents.


Margolin Besunder LLP, Islandia, NY (Jeffrey D. Powell of counsel), for appellants.
Farrell Fritz, P.C., New York, NY (Peter A. Mahler and Franklin C. McRoberts of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, in the nature of a shareholder's derivative action to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated September 25, 2018. The order granted the defendants' motion to quash subpoenas duces tecum served upon nonparties and for a protective order against further discovery from those nonparties.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion to quash subpoenas duces tecum served upon nonparties and for a protective order against further discovery from those nonparties is denied.
The plaintiff Jonathan Troffa (hereinafter Jonathan) and the defendant Joseph M. Troffa (hereinafter Joseph) were equal shareholders in the plaintiff Jos. M. Troffa Landscape and Mason Supply, Inc. (hereinafter the corporation). In 1999, the corporation allegedly entered into a lease-purchase agreement to purchase property in East Setauket (hereinafter the compost yard) for $390,000, with monthly lease payments made by the corporation being applied against the purchase price. On March 12, 2013, after the corporation had paid $355,372 towards the purchase price of the compost yard, Joseph allegedly paid the remaining balance of $39,628 and acquired ownership of the compost yard in his own name.
On June 27, 2016, Jonathan, on behalf of both himself and the corporation, commenced this action against Joseph, among others, asserting three causes of action in his individual capacity and capacity as an individual shareholder: (1) breach of fiduciary duty and the duty of loyalty, (2) for a constructive trust, and (3) to quiet title. The amended complaint also asserted, as a fourth cause of action, a shareholder's derivative cause of action on behalf of the corporation to recover under all of the aforementioned theories. Specifically, the fourth cause of action incorporated all other allegations in the complaint and further alleged that, if it were found that Jonathan was not able to bring this action in his own name, then he alternatively "brings the action derivatively."
The defendants moved to dismiss the complaint as time-barred and, in an order dated January 11, 2017, the Supreme Court, inter alia, granted those branches of the defendants' motion [*2]which were to dismiss the first three causes of action. However, the court explicitly denied that branch of the defendants' motion which was to dismiss the fourth cause of action, which derivatively asserted the aforementioned claims on behalf of the corporation.
In July 2018, Jonathan served three subpoenas duces tecum upon three nonparties seeking information regarding Joseph's acquisition of the compost yard. The defendants moved to quash the subpoenas and for a protective order relieving the nonparties of any obligation to comply with the subpoenas.
In an order dated September 25, 2018, the Supreme Court granted the defendants' motion. The court found that Jonathan was improperly attempting to "recast" his time-barred breach of fiduciary cause of action under his derivative cause of action. The court held that since Jonathan's claims relating to the compost yard were time-barred, he was not entitled to the requested discovery. Jonathan appeals.
"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (CPLR 3101[a]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407). The fourth cause of action in the amended complaint incorporated by reference, inter alia, Jonathan's allegations regarding Joseph's acquisition of the compost yard and asserted them derivatively on behalf of the corporation. Insofar as the fourth cause of action was a pending and viable cause of action, the information sought by the subpoeanas was necessary and proper to the prosecution of the action.
Given the procedural posture of this case, the issue of the applicability of the statute of limitations to the derivative cause of action was not before the Supreme Court. However, insofar as the statute of limitations formed a basis for the court's determination, we note that CPLR 213(7) provides for a six-year statute of limitations in "an action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability, penalty or forfeiture, or to recover damages for waste or for an injury to property or for an accounting in conjunction therewith." "If the specific language of CPLR 213(7) encompasses a particular claim, it supplants" any shorter statute of limitations applicable to the claim, including claims to recover monetary damages (Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 648 [emphasis added]).
Accordingly, the Supreme Court erred in granting the defendants' motion to quash the subpoenas and for a protective order.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court