BCI Constr., Inc. v Board of Educ., Washingtonville Cent. Sch. Dist. (2022 NY Slip Op 01436)





BCI Constr., Inc. v Board of Educ., Washingtonville Cent. Sch. Dist.


2022 NY Slip Op 01436


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-11254
 (Index No. 1470/19)

[*1]BCI Construction, Inc., respondent, 
v
Board of Education, Washingtonville Central School District, appellant.


John E. Osborn, P.C., New York, NY (Daniel H. Crow of counsel), for appellant.
Ernstrom & Dreste LLP, Rochester, NY (Todd R. Braggins and Matthew D. Holmes of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 28, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of a construction contract for the renovation of an elementary school within the Washingtonville Central School District. In its first cause of action, the plaintiff alleged that the defendant, or its agents or representatives, "impeded, interfered with and delayed" the plaintiff's work, "made excessive and untimely changes to the sequence of the work," gave "improper orders and directives," and "required plaintiff to perform additional and extra work . . . for which it has refused to pay or for which it has not paid according to the requirements of the [c]ontract."
Insofar as relevant to this appeal, the defendant made a pre-answer motion pursuant to CPLR 3211(a)(1) and (7), inter alia, to dismiss the first cause of action on the ground that the parties' contract contained a no-damage-for-delay clause precluding the plaintiff from recovering any of the damages it sought therein. In support of its motion, the defendant, through the affidavit of its Assistant Superintendent of Operations and Safety, submitted a copy of the terms and conditions of the parties' contract, as well as a copy of the complaint.
In opposition to the motion, the plaintiff submitted an affidavit from its project manager, who averred, inter alia, that the plaintiff encountered "unforeseen site conditions" affecting both the cost and timing of the work, including asbestos piping under one of the existing structures, as well as "undocumented discrepancies . . . [a]ffecting new building layout and tie in points." The project manager further averred that these conditions "caused delays which plaintiff did not and could not have contemplated at the time of bid," and submitted various business records in further support of the plaintiff's contentions.
The Supreme Court denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action. The defendant appeals.
Generally, a clause barring a contractor from recovering damages for delays in the performance of the work—commonly referred to as a no-damage-for-delay clause—is valid and "will prevent recovery of damages resulting from a broad range of reasonable and unreasonable conduct by the contractee if the conduct was contemplated by the parties when they entered into the agreement" (Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 305; see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595, 596).
A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d at 597).
Here, contrary to the plaintiff's contention, the defendant's documentary evidence conclusively established the existence of a no-damage-for-delay clause. However, the existence of the clause, standing alone, is insufficient to establish the defense as a matter of law (see id.). Even assuming that the defendant's motion papers were also sufficient to establish, prima facie, that the delays alleged in the first cause of action were contemplated by the parties at the time that they entered into the contract, the plaintiff's opposition papers disclosed additional evidentiary facts sufficient to overcome the defendant's pre-answer motion to dismiss. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the first cause of action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court