Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y. (2024 NY Slip Op 01709)

Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y.

2024 NY Slip Op 01709

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-05193 
 (Index Nos. 602799/22, 602801/22, 602802/22)

[*1]In the Matter of East End Hangars, Inc., et al., respondents, et al., petitioners/plaintiffs,
v
Town of East Hampton, New York, appellant. (Proceeding/Action No. 1)
In the Matter of Coalition to Keep East Hampton Airport Open, Ltd., et al., petitioners/plaintiffs,
v Town of East Hampton, New York, respondent/defendant. (Proceeding/Action No. 2)
In the Matter of Blade Air Mobility, Inc., et al., respondents, et al., petitioner/plaintiff
v Town of East Hampton, New York, et al., appellants. (Proceeding/Action No. 3)

Cooley LLP, New York, NY (Philip M. Bowman, Victoria R. Pasculli, Jorge L. Sarmiento, and William V. O'Connor, pro hac vice, of counsel), for appellants in Proceeding/Action Nos. 1 and 3.
Pillsbury Winthrop Shaw Pittman LLP, New York, NY (James Catterson, Rolando T. Acosta, Brianna Walsh, and Danielle Stefanucci of counsel) for East End Hangars, Inc., and Hampton Hangars, Inc., respondents in Proceeding/Action No. 1, and Holwell Shuster & Goldberg LLP, New York, NY (Jayme Jonat of counsel), for Lynden Restrepo, petitioner/plaintiff in Proceeding/Action No. 1 (one brief filed).
King & Spalding LLP, New York, NY (Randy M. Mastro, Casey Kyung-Se Lee, and Lauren Myers of counsel), for Blade Air Mobility, Inc., Bonnie Brady, Thomas Dean, Jason Deland, Lisa Deveglio, Michael Donnelly, and Alicia Whitaker, respondents in Proceeding/Action No. 3.

DECISION & ORDER
In three related hybrid proceedings pursuant to CPLR article 78 to review the determination of the Town of East Hampton, New York, dated January 20, 2022, as amended by a subsequent determination dated February 17, 2022, authorizing the closure of the Town of East Hampton Airport as a public use airport and its subsequent reopening as a private use airport, and actions for injunctive relief, Town of East Hampton, New York, the respondent/defendant in Proceeding/Action Nos. 1 and 2 and a respondent/defendant in Proceeding/Action No. 3, and the Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, respondents/defendants in Proceeding/Action No. 3, appeal from an [*2]order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated May 19, 2023. The order, insofar as appealed from, granted the motion of East End Hangars, Inc., and Hampton Hangars, Inc., petitioners/plaintiffs in Proceeding/Action No.1, and the separate motion of Blade Air Mobility, Inc., Bonnie Brady, Thomas Dean, Jason Deland, Lisa Deveglio, Michael Donnelly, and Alicia Whitaker, petitioners/plaintiffs in Proceeding/Action No. 3, to hold the respondents/defendants Town of East Hampton, New York, Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, in civil contempt for violating temporary restraining orders of the same court, all dated May 16, 2022, imposed monetary sanctions in the sum of $250,000 against those respondents/defendants and a fine in the sum of $1,000 per day against the respondent/defendant Town of East Hampton, New York, commencing May 19, 2023, for each day it failed to comply with the temporary restraining orders, and awarded those petitioners/plaintiffs reasonable attorneys' fees for the costs associated with the civil contempt motions.
ORDERED that the order dated May 19, 2023, is modified, on the law, (1) by deleting the provision thereof imposing monetary sanctions in the sum of $250,000 against the respondents/defendants Town of East Hampton, New York, Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor and (2) by deleting the provision thereof imposing a fine in the sum of $1,000 per day against the respondent/defendant Town of East Hampton, New York, commencing May 19, 2023, for each day it failed to comply with the temporary restraining orders; as so modified, the order dated May 19, 2023, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The underlying facts of these proceedings/actions are summarized in our decision and order in a related appeal (see Matter of East End Hanger, Inc. v Town of E. Hampton, New York, _____ AD3d ____ [Appellate Division Docket No. 2022-09552; decided herewith]). Following the commencement of these hybrid proceedings/actions, the Supreme Court issued temporary restraining orders (hereinafter the TROs), all dated May 16, 2022, which collectively enjoined the Town of East Hampton, New York, among others, from (1) deactivating or closing the Town of East Hampton Airport (hereinafter the airport) on May 17, 2022, or any date thereafter, (2) implementing any kind of the new use restrictions the Town announced it intended to implement at the airport, (3) restricting public access to the airport, (4) taking or continuing to take any steps to effectuate the closure of the airport, and (5) converting the airport to a private use facility or operating the airport on a prior-permission-required basis. The TROs also prohibited the Town from "using any airport funds or revenues for anything other than 'the capital or operating costs of the airport; the local airport system; or other local facilities owned or operated by the airport owner or operator and directly and substantially, related to the air transportation of passengers or property' as required pursuant to 49 USC § 47107(b)." In June 2022, East End Hangars, Inc., and Hampton Hangars, Inc., petitioners/plaintiffs in Proceeding/Action No.1, and Blade Air Mobility, Inc., Bonnie Brady, Thomas Dean, Jason Deland, Lisa Deveglio, Michael Donnelly, and Alicia Whitaker, petitioners/plaintiffs in Proceeding/Action No. 3 (hereinafter collectively the petitioners/plaintiffs), separately moved, inter alia, to hold the Town, the Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as the East Hampton Town Supervisor (hereinafter collectively the respondents/defendants), in civil contempt, contending that the respondents/defendants violated the TROs by enforcing several new use restrictions against each of the petitioners/plaintiffs and others, such as requiring planes and helicopters to power down completely before loading and unloading passengers and cargo, announcing plans to close the airport permanently, compelling aircraft operators to meet new indemnification and insurance requirements, and paying counsel fees with airport funds.
While the contempt motions were pending, by order and judgment dated October 19, 2022, the Supreme Court, inter alia, enjoined the Town from deactivating or closing the airport, which is the subject of the related appeal (see Matter of East End Hanger, Inc. v Town of E. Hampton, New York, _____ AD3d _____ [Appellate Division Docket No. 2022-09552; decided herewith]). By order dated May 19, 2023, the court, among other things, granted the petitioners/plaintiffs' separate motions to hold the respondents/defendants in civil contempt for [*3]violating the TROs, imposed monetary sanctions against the respondents/defendants in the sum of $250,000 and a fine in the sum of $1,000 per day against the Town, commencing May 19, 2023, for each day it failed to comply with the TROs, and awarded the petitioners/plaintiffs reasonable attorneys' fees for the costs associated with the contempt motions. The respondents/defendants appeal.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). In order to establish civil contempt, "the movant is required to prove, by clear and convincing evidence, '(1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation'" (Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc., 206 AD3d 605, 607, quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d at 964). "Prejudice is shown where the party's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Tedesco v Elio, 211 AD3d 1074, 1076 [internal quotation marks omitted]). The movant need not establish willful disobedience, but the conduct must be intentional—not unwitting (see El-Dehdan v El-Dehdan, 26 NY3d 19, 35; Rhodes v Rhodes, 169 AD3d 841, 843).
Here, the Supreme Court should not have held the respondent/defendants in contempt based upon the Town's use of airport funds to pay its attorneys' fees. It cannot be said that the TROs clearly and unequivocally prohibited the Town from using airport funds to pay attorneys' fees, as attorneys' fees can be considered "operating costs of . . . the airport" within the meaning of 49 USC § 47107(b)(1)(A) under certain circumstances (see generally Aison v Hudson Riv. Black Riv. Regulating Dist., 54 AD3d 457, 459; Ottomanelli v Ottomanelli, 17 AD3d 647, 648; cf. Matter of Kassab v Kasab, 137 AD3d 1141, 1142). Further, to the extent that the court based its contempt finding upon statements made by the Town's attorney that the Town had begun the process of permanently closing the airport, that was error, as in context, those statements provided that the permanent closure of the airport would be "as soon as legally possible"(emphasis added).
Nevertheless, the Supreme Court properly concluded that the respondents/defendants were aware of and violated clear and unequivocal mandates in the TROs by taking other steps to effectuate the closure of the airport and by enforcing new use restrictions. Furthermore, the record established that this conduct defeated, impaired, impeded, or prejudiced the petitioners/plaintiffs' rights or remedies (see Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 928; Town of Huntington v Reuschenberg, 70 AD3d 814; Incorporated Vil. of Plandome Manor v Ioannou, 54 AD3d 365, 366).
"The goal of civil contempt is to vindicate the rights of a private party to the litigation" (Madigan v Berkeley Capital, LLC, 205 AD3d 900, 904; see McCain v Dinkins, 84 NY2d 216, 226; Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239). Accordingly, "[a]ny penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d at 239; see Madigan v Berkeley Capital, LLC, 205 AD3d at 904; Ruesch v Ruesch, 106 AD3d 976, 977). "The fines that may be imposed for a civil contempt are found in Judiciary Law § 773. The statute provides for two types of awards: one where actual damage has resulted from the contemptuous act in which case an award sufficient to indemnify the aggrieved party is imposed, and one where the complainant's rights have been prejudiced but an actual loss or injury is incapable of being established" (Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d 37, 43). "In the second situation, the fine is limited to $250, plus the complainant's costs and expenses" (Matter of Ferrante v Stanford, 172 AD3d 31, 39; see Judiciary Law § 773; State of New York v Unique Ideas, 44 NY2d 345, 349; Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d at 43).
Here, the petitioners/plaintiffs did not establish actual damages, and, accordingly, to the extent that the Supreme Court imposed monetary sanctions in the sum of $250,000 as a penalty for the respondents/defendants' civil contempt, they may only recover reasonable costs and expenses, including attorneys' fees, plus a statutory fine in the sum of $250 (see Matter of Ferrante v Stanford, 172 AD3d at 39; Matter of Barclays Bank v Hughes, 306 AD2d 406, 408; Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Deka Realty Corp., 208 AD2d at 43).
To the extent that the Supreme Court imposed monetary sanctions of $250,000 for frivolous conduct pursuant to 22 NYCRR 130-1.1, the court erred in failing to set forth why it found the Town's actions to be frivolous and the reasons why it found the amount imposed to be appropriate (see § 130-1.2; Matter of Lillian G. [Steven G.—Gary G.], 208 AD3d 871, 874; Merchant Cash & Capital, LLC v Blueshyft, Inc., 175 AD3d 603, 605). Moreover, we note that "[i]n no event shall the amount of sanctions imposed exceed $10,000 for any single occurrence of frivolous conduct" (22 NYCRR 130-1.2).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, so that it may set forth the basis for the imposition of monetary sanctions and to make a new determination of the amount of any such sanctions.
Finally, the Supreme Court should not have imposed a fine against the Town in the sum of $1,000 per day, commencing May 19, 2023, for each day the Town failed to comply with the temporary restraining orders, as the temporary restraining orders were no longer in effect on May 19, 2023, after the court had granted a permanent injunction (see Jackson v Bunnell, 113 NY 216, 220; Stubbart v County of Monroe, 58 AD2d 25, 29). To the extent that the court sought to compel the Town to comply with the provisions of the permanent injunction, the petitioners/plaintiffs had not requested that relief and the respondents/defendants were not provided sufficient notice that they could be held in contempt of the permanent injunction (see Matter of Prinzo v Jenkins, 251 AD2d 709, 709).
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court