Universal Remote Control, Inc. v ADP Totalsource, Inc. (2025 NY Slip Op 51080(U))

[*1]

Universal Remote Control, Inc. v ADP Totalsource, Inc.

2025 NY Slip Op 51080(U)

Decided on July 7, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2025
Supreme Court, Westchester County

Universal Remote Control, Inc., Plaintiff,

against
ADP Totalsource, Inc. and JOSEPHINE MARMO, Defendants.

Index No. 57340/2025

Cuddy & Feder LLP
Attorneys for Plaintiff 
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Foley & Lardner LLP 
Attorneys for Defendant ADP
90 Park Avenue 
New York, New York 10016
Trivella & Forte, LLP
Attorneys for Defendant Marmo 
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605

Linda S. Jamieson, J.

The following papers numbered 1 to 11 were read on these motions:
Paper Number
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
Notice of Motion, Affirmation and Exhibits 3
Memorandum of Law 4
Affidavit, Affirmation and Exhibits in Opposition 5
Memorandum of Law in Opposition 6
Affidavit and Exhibits in Opposition 7
Memorandum of Law in Opposition 8
Reply Memorandum of Law 9
Affirmation in Reply [FN1]
10
Reply Memorandum of Law 11
Defendants each bring a motion seeking to dismiss the complaint. The corporate defendant, ADP Totalsource Inc. ("ADP") is a company that provides human resources support to its customers. Plaintiff was one of its customers. The individual defendant, Josephine Marmo, was plaintiff's employee in the human resources department. Marmo signed the contract between plaintiff and ADP back in 2015. In October 2019, non-party former employee, Sonia Arroyave, complained of rude behavior by non-party Jin Chang, her supervisor. Plaintiff reported the complaint to ADP, which sent an employee, non-party Erica McLennan, to investigate.
According to the complaint, although ADP instructed McLennan that the matter did not warrant a formal investigation but instead a "coaching conversation" with Chang, "McLennan disregarded these instructions. Instead, she pursued an altogether unnecessary Investigation in a manner that was biased, incompetent, irresponsible, reckless, and negligent in such a way that . . . exacerbated the underlying matter and resulted in Arroyave . . . eventually filing a baseless multi-million-dollar federal employment discrimination lawsuit against URC when URC refused to capitulate to her demand." After several years of litigation, the employment suit went to trial. As set forth in the complaint, when Arroyave was cross-examined at trial, her case collapsed and she withdrew the entire suit. By that point, plaintiff had spent over $4.5 million in legal fees, only $1 million of which was covered by insurance. This is the basis of the instant action.
There are three causes of action set forth in the complaint. The first, against ADP alone, seeks damages for breach of contract. It alleges that McLennan, as ADP's agent, breached the parties' agreement by "ignoring ADP's own directive not to conduct the Investigation, and instead to simply engage in a simple coaching conversation with Mr. Chang about effective and appropriate workplace communication. McLennan, as ADP's agent, further breached the Agreement by negligently, willfully and/or recklessly failing to conduct the Investigation in a proper, unbiased manner." Plaintiff further alleges that "McLennan, as ADP's agent, further breached the Agreement by negligently, willfully and/or recklessly failing to report the numerous incidents of Marmo's dishonest, disloyal, and bigoted misconduct to URC management." These actions, plaintiff alleges, "directly and proximately led to Arroyave (a) hiring attorneys and (b) filing the Lawsuit against URC." Instead, McLennan should have "reported Marmo's gross misconduct to URC management," which would have led to Marmo being terminated. She thus would "not have been able to assist Arroyave in preparing the frivolous Lawsuit, the crux of which was largely based on confidential URC documents and false information that Marmo provided to Arroyave."
The second and third causes of action are against Marmo. They seek damages for corporate waste and fraud, respectively. The claim for corporate waste alleges that "Marmo, in her capacity as an officer of URC, engaged in improper and fraudulent conduct as set forth above by, inter alia, (a) acting with dishonesty and disloyalty to her employer, URC; (b) [*2]knowingly distorting the improperly biased Investigation into Arroyave's internal complaint; (c) secretly recording all confidential interactions that took place during the Investigation; and (d) providing those secret recordings, along with confidential HR documents and false information, to Arroyave to bolster Arroyave's meritless claims of discrimination, at the expense and to the detriment of URC, her employer." Plaintiff alleges that Marmo "acted in bad faith and out of self-interest, knowingly engaging in the foregoing behavior despite it being clearly detrimental to URC" and that "URC received nothing of value whatsoever as a result of Marmo's actions; to the contrary, URC was forced to expend millions of dollars in legal fees and costs it would not otherwise have had to pay." The claim for fraud alleges that Marmo "committed fraud against her employer, URC, by, inter alia, (a) acting with dishonesty and disloyalty to her employer, URC, whilst employed as an officer of URC; (b) knowingly distorting the improperly biased Investigation into Arroyave's internal complaint against Mr. Chang, a loyal servant of URC, in favor of Marmo's friend, Arroyave; (c) secretly recording all confidential interactions that took place during the Investigation; and (d) providing those secret recordings, along with confidential HR documents and false information to Arroyave to bolster Arroyave's meritless claims of discrimination, at the expense and to the detriment of URC, her employer, all the while (e) outwardly representing to URC that she was a loyal servant and officer thereof." Plaintiff further alleges that Marmo secretly undermined URC's interests and turned "a simple workplace disagreement into a biased investigation that, as a direct and proximate result of her misconduct, turned into a baseless federal employment discrimination Lawsuit against URC." Plaintiff also alleges that "Marmo's fraudulent conduct was intentional, in that she deliberately acted against URC's interests, without URC's knowledge, for the purpose of assisting her friend, Arroyave, and seeking to force either the termination or resignation of Mr. Chang, another URC officer. Marmo breached her fiduciary duties of loyalty, care and good faith to URC through her fraudulent conduct."
It is well-settled that "a motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law." BCI Constr., Inc. v Board of Educ., Washingtonville Cent. Sch. Dist., 203 AD3d 794, 795 (2d Dept 2022). "For the purpose of CPLR 3211(a)(1), judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence." Oparaji v ABN Amro Mtge. Group, Inc., 202 AD3d 985, 986-987 (2d Dept 2022).
Regarding a motion to dismiss pursuant to CPLR § 3211(a)(7), it is well-established that "the complaint must be liberally construed, giving the plaintiff the benefit of every favorable inference." Cunningham v Nolte, 188 AD3d 806, 807 (2d Dept 2020), citing Leon v Martinez, 84 NY2d 83, 87-88 (1994). "Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action." Cunningham, 188 AD3d at 807, citing Hartman v Morganstern, 28 AD3d 423, 424 (2d Dept 2006). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." 511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 (2002).
The Court begins with ADP's motion. ADP asserts that although there was a contract between the parties, plaintiff breached it, not ADP. ADP contends that plaintiff "utterly failed to perform its obligations required by the Agreement by failing to provide McLennan with [*3]complete and accurate information in connection with ADP's investigation of Arroyave's internal complaint. URC alleges again and again that Marmo . . . provided ADP's investigator McLennan with incomplete, biased, misleading, and false information, and acted intentionally to undermine ADP's investigation and assist Arroyave in her lawsuit against URC." After listing plaintiff's alleged wrongdoing, ADP asserts that "By admitting that Marmo acted dishonestly and shared inaccurate information with ADP, URC has conceded its failure to perform in accordance with the Agreement. Thus, URC's breach of contract claim against ADP is — bluntly put —impossible to allege and must be dismissed with prejudice." 
The Court disagrees with ADP's assessment at this preliminary stage of the action, particularly since plaintiff rejects the notion that Marmo's behavior can be attributed to it ("Marmo's conduct, which was adverse to URC, cannot be imputed to URC, and the alleged breaches that ADP relies on were unrelated to and did not impact McLennan's improper conduct, and in several cases post-date by years ADP's contractual breaches."). In its reply, ADP contends that "That URC did not approve of Marmo's conduct as its employee and now takes issue with it in this lawsuit does not undermine the fundamental fact that at the time of Marmo's actions, her conduct was the only conduct comprising URC's performance under its agreement with ADP. In other words, URC's post hoc complaint that Marmo did not perform her job properly does not change the fact that her conduct resulted in URC's breach of its Agreement with ADP." These are factual arguments, before the facts have been ascertained. Discovery is necessary to determine what actually happened. After discovery has been completed, and if the facts are clear, ADP may seek summary judgment, if appropriate.
The Court is also troubled by ADP's blithe assertion that "Having admitted to engaging ADP to investigate, McLennan's investigation cannot constitute a breach of the Agreement, and URC's breach of contract claim stated on that basis must be dismissed." This position assumes that there could be no possible misconduct in the investigation. And, significantly, it ignores the fact that McLennan was told - in an email from ADP - that a coaching conversation was essentially all that was needed, not a full-blown investigation. Yet despite this, McLennan proceeded to conduct the full investigation. This too precludes the Court from dismissing the claim.
The Court also rejects ADP's assertion that the parties' contract does not contain a standard by which McLennan's conduct can be measured ("The Agreement articulates no specific level or manner of performance. Nor does the Verified Complaint allege that ADP was obligated to adhere to URC's own undefined, ambiguous and unstated standard of 'proper' or 'unbiased.'"). As plaintiff notes, "ADP was bound to provide services under the Agreement in a manner that was not negligent, fraudulent, willful or reckless. Yet ADP's argument effectively boils down to asserting that, under the Agreement (which it drafted), it can provide those services in a wholly improper and actively damaging manner without consequence." 
The Court agrees with plaintiff. Implicit in all contracts is "a covenant of good faith and fair dealing in the course of performance. This implied covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. . . . This Court has consistently observed that the covenant requires the parties to perform under the contract in a reasonable way." Cordero v. Transamerica Annuity Serv. Corp., 39 NY3d 399, 409 (2023). Simply because there is no particular language in the contract that defines the level of ADP's performance, it does not mean that ADP could act negligently or improperly. 
Next, the Court also rejects ADP's assertion that "URC fails to allege how the conduct attributed to ADP in the Verified Complaint rises to the level of misconduct constituting a breach of the Agreement," because plaintiff does make such allegations. For example, plaintiff repeatedly notes that although ADP itself recommended to McLennan that she not conduct a formal investigation, but a coaching conversation and communication training, instead McLennan pursued a formal investigation. This is possible misconduct, and is adequate to withstand this motion to dismiss at this preliminary juncture.
Finally, although ADP contends that plaintiff "has not sufficiently alleged that Arroyave filed her lawsuit because of such breach by ADP," a review of the complaint shows that this is exactly what plaintiff alleges in the complaint. The Court does not address whether plaintiff can substantiate its allegations — but the allegations are clearly there. 
The Court finds that none of ADP's other arguments in its motion warrant the dismissal of the complaint. The Court thus denies the motion to dismiss in its entirety.
Similarly, the Court also denies Marmo's motion to dismiss. "To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired." Lambos v. Karabinis, 2025 WL 1583091, at *1 (3d Dept. June 5, 2025). Marmo has not made this showing. 
First, Marmo argues that the two claims against her are time-barred because they are "repackaged allegations of a breach of fiduciary duty cause of action," which have three-year statutes of limitation. Naturally, plaintiff disagrees, contending that the operative statute of limitations is actually CPLR § 213(7). As the Second Department has explained, this provision "provides for a six-year statute of limitations in 'an action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability, penalty or forfeiture, or to recover damages for waste or for an injury to property or for an accounting in conjunction therewith.' 'If the specific language of CPLR 213(7) encompasses a particular claim, it supplants' any shorter statute of limitations applicable to the claim, including claims to recover monetary damages." Troffa v. Troffa, 192 AD3d 718, 720, 139 N.Y.S.3d 563, 564 (2d Dept. 2021) (Emphasis in original). If plaintiff is correct, then the claims against Marmo are not time-barred. Marmo argues that this section does not apply because she was not a corporate officer. Plaintiff disagrees, and submits to the Court multiple documents that Marmo signed as an officer of plaintiff. Whether this qualifies her as an officer under this section of the CPLR cannot be resolved on this motion to dismiss. 
Even if this section did not apply, Marmo argues, the claims would still be untimely because they are merely "repackaged allegations of a breach of fiduciary duty cause of action," which has a three-year statute of limitations. In response, plaintiff rejects this assertion because "they are predicated squarely upon Marmo's fraud against URC," and thus have a six-year statute of limitations. As the First Department has explained, "a cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period." Wimbledon Fin. Master Fund, Ltd. v. Hallac, 192 AD3d 617, 618, 146 N.Y.S.3d 18, 19—20 (1st Dept. 2021). A review of the complaint shows that the claims against Marmo are premised on fraud. They are, thus, timely. 
With respect to Marmo's argument that "The instant action is also barred by the doctrines of res judicata/issue/claim preclusion/collateral estoppel due to the prior adjudication and [*4]voluntary dismissal by Plaintiff with prejudice on March 1, 2024 of the action Arroyave v. Universal Remote Control, Inc. . . . which involved the same common nucleus of facts of Defendants' participation in Plaintiff's investigation and interaction with the plaintiff Ms. Arroyave," the Court finds that this is meritless on its face. "Pursuant to the doctrine of res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action. One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion." Highlands Ctr., LLC v. Home Depot U.S.A., Inc., 149 AD3d 919, 921, 53 N.Y.S.3d 321, 324 (2d Dept. 2017) (emphasis in original). 
Although Marmo asserts that "The causes of action alleged in the instant action form a convenient trial unit with the facts in Arroyave. They arise out of the same workplace incident, investigation, and internal conduct that gave rise to the Arroyave lawsuit. They could have been litigated in the prior Arroyave action or were logically part of the same transaction or occurrence. Plaintiff had a full and fair opportunity to litigate the issues in the instant action and therefore cannot avoid the preclusive effect of the dismissal with prejudice," this is, at best, a stretch. The Court agrees with plaintiff that
The relief sought in this action could not be more different than the relief sought in the Discrimination Action. There is also absolutely no similarity as to the "kind of law to be applied" in the two cases. There is surely nothing "repetitious" about the claims alleged or relief sought in the two cases. And the "kind of facts to be proved" are also completely distinct in this action as compared to the material facts of the Discrimination Action. So too are the parties, salient documents, pertinent evidence, time frames at issue, and material events, and so forth. Simply put, the "foundational facts" are unrelated in all respects, including as to "time, space, origin, or motivation" and certainly do not "form a convenient trial unit." The "transactions and occurrences" relevant to the Discrimination Action were the interactions between Arroyave (who falsely claimed discrimination/hostile work environment) and her supervisor and the work environment at the Company. In contrast, the "transactions and occurrences" relevant to this action occurred only after October 4, 2019, after the incident arose and then during the investigation, and involved the egregious misconduct of Marmo and ADP's agent, Erica McLennan, as detailed in the Complaint.
The Court rejects Marmo's argument that plaintiff's claims are barred.
The Court concludes that none of Marmo's arguments warrants dismissing the action at this preliminary juncture. As with ADP, Marmo is free to make a motion for summary judgment at the conclusion of discovery if the facts warrant such a motion.
The foregoing constitutes the decision and order of the Court.[FN2]

Dated: July 7, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court

Footnotes

Footnote 1:Defendant Marmo filed this affirmation in her reply papers, to which plaintiff objected and which Marmo then attempted to justify. The Court rejects, as it must, any new information submitted for the first time on reply. Pena v. Geisinger Cmty. Med. Ctr., 209 AD3d 663, 174 N.Y.S.3d 873, 874 (2d Dept. 2022).

Footnote 2:All other arguments raised on this motion and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.